**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Linda Ann ROBERTS, Defendant–Appellant.**

**No. 92CA1528.**

Colorado Court of Appeals, Div. III.

Nov. 18, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Roger G. Billotte, Asst. Atty. Gen., Denver, for plaintiff-appellee.

James Schum, Hotchkiss, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, Linda Ann Roberts, appeals from an order entered as a result of her need for treatment for the use of a controlled substance. We affirm.

Defendant entered a guilty plea to the charge of unlawful use of a Schedule I controlled substance. The court found that defendant was a person in need of treatment for use of a controlled substance pursuant to § 18–18–404(2), C.R.S. (1993 Cum.Supp.). Accordingly, rather than imposing sentence, it ordered that she participate in a drug abuse treatment program for a period of one year. *See* § 18–18–404(3), C.R.S. (1993 Cum. Supp.). In addition, defendant was ordered to surrender her driver's license and to pay a $100 victim's compensation fee, a $100 victim's assistance fee, and a $750 drug surcharge fee.

Section 18–18–404, C.R.S. (1993 Cum. Supp.) provides that when a person is found guilty of using a controlled substance, after a trial or upon a plea of guilty, the court must conduct an investigation to determine whether the defendant is addicted to a controlled substance, in need of treatment for the use of a controlled substance, or dependent on a controlled substance.

Section 18–18–404(3), states:

If the court determines that the defendant is addicted to, a person in need of treatment for, or dependent upon a controlled substance, the court may declare the defendant a person in need of treatment, and the court, without imposing sentence and with the consent of such person, shall suspend further proceedings, shall order the person to participate in a treatment program, and shall order such other reasonable conditions for such person as it may require for such period, not to exceed one year, as the court may prescribe.

Defendant does not object to the portion of the court's order requiring her to participate in the treatment program. However, she contends the court abused its discretion in imposing the additional conditions. She maintains that because § 18–18–404(3) directs that no sentence be imposed, there was no actual conviction in this case. Therefore, defendant argues the court had no authority to impose the additional conditions because the statutes authorizing each of the conditions imposed require that the sanctions only be ordered upon a "conviction." We find no error.

■ The meaning of "conviction" may vary depending upon the statute in which it is used and the issue in the particular case. The key is the legislative intent behind the use of the word in the statute in question. *People v. Ball,* 813 P.2d 759 (Colo.App.1990).

A judgment of conviction is defined in Crim.P. 32(c) as "a recital of the plea, the verdict or findings, the sentence, the finding of the amount of presentence confinement, and costs, if any." In contrast, however, the term "conviction" has a less formal and technical meaning: "the establishment of guilt by a plea or verdict of guilty prior to judgment and sentencing." *People v. Allaire,* 843 P.2d 38, 40 (Colo.App.1992). In its general and popular sense, and frequently in its ordinary legal sense, the term "conviction" means the establishment of guilt by a verdict or plea independent of a judgment and sentence. *Swift v. People,* 174 Colo. 259, 488 P.2d 80 (1971).

■ In construing a statute, our role is to ascertain and give effect to the intent of the General Assembly. Words and phrases must be given their plain and ordinary meaning. *People v. District Court,* 713 P.2d 918 (Colo.1986). When the language of the statute is clear so that the intent can be discerned with reasonable certainty, there is no need to resort to other rules of statutory construction. *People v. Wiedemer,* 852 P.2d 424 (Colo.1993).

■ We do not accept defendant's narrow view of the term "conviction." It is evident that the purpose of this statute is to provide persons with a drug problem an opportunity for rehabilitation which would not otherwise be available in a typical jail or prison environment. However, in order for the court to forego a term of incarceration in favor of a treatment program, defendant must be found guilty of using the controlled substance, either after a trial or as the result of a guilty plea.

Under these circumstances, a guilty plea is not a mere confession. Like a jury verdict, it is conclusive and no more is required of the court than to enter a judgment and sentence. *See Hafelfinger v. District Court,* 674 P.2d 375 (Colo.1984). Thus, for purposes of § 18–404(3), defendant's plea was itself a conviction, for it conclusively established her guilt. *See People v. Allaire, supra.*

The fact that the statute requires that the proceedings be suspended does not prohibit the imposition of additional conditions. To the contrary, § 18–18–404(3) specifically authorizes the court to impose, in conjunction with a treatment order, additional "reasonable conditions" aimed at rehabilitation of the defendant. No language in the statute limits the type of additional condition which may be imposed. Nor does the statute require that the additional conditions be directly connected to the drug treatment program.

Here, the court specifically stated that the purpose of the additional conditions was rehabilitation. They were ordered to encourage the defendant "to become a responsible and law-abiding citizen as part of her overall treatment program."

Therefore, we conclude that, because defendant pled guilty to the amended charge, and because the statute authorizes a court to impose additional reasonable conditions, the order that she surrender her driver's license and pay a victim's compensation fee, a victim's assistance fee, and a drug surcharge fee was reasonable and not erroneous.

Sections 24–4.1–119, C.R.S. (1993 Cum. Supp.), 24–4.2–104(1), C.R.S. (1993 Cum. Supp.), and 18–19–103(1)(d), C.R.S. (1993 Cum.Supp.) all provide that these fees may be assessed upon a conviction. Similarly, § 42–2–121, C.R.S. (1993 Repl.Vol. 17) directs a court to require an offender immediately to surrender his or her driver's license upon a conviction for any offense which that statutory article identifies as requiring mandatory revocation of the license. A guilty plea under § 18–18–404 is one such conviction. *See* § 42–2–122(1)(*l*), C.R.S. (1993 Repl.Vol. 17).

■ We are unable to address defendant's contention that the court had no statutory authority to order her to perform 48 hours of useful public service. That order is not included in the record before us.

■ It is the responsibility of the appellant to designate and transmit those portions

of the record necessary to substantiate the claims asserted. *People v. Wells,* 776 P.2d 386 (Colo.1989). Absent the record, we must presume the trial court's actions were correct. *People v. Rollins,* 759 P.2d 816 (Colo. App.1988).

Order affirmed.

PLANK and HUME, JJ., concur.