The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

John H. DRAKE, Defendant–Appellant.

No. 97CA1860.

Colorado Court of Appeals, Div. IV.

Feb. 4, 1999.

Certiorari Denied Sept. 13, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Nancy Bauer Egelhoff, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, James Grimaldi, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, John H. Drake, appeals the sentence imposed following his entry of a guilty plea to one count of use of a controlled substance and one count of harassment. We affirm.

Defendant was originally charged with two counts of possession of a controlled substance, one count of introduction of contraband, one count of third degree assault, one count of harassment, one count of possession of less than one ounce of marijuana, and one count of possession of drug paraphernalia.

Pursuant to a plea agreement, defendant pled guilty to one count of use of a controlled substance and one count of harassment. In exchange for his guilty plea, the People dismissed the remaining charges against him.

Defendant was thereafter sentenced to a two-year prison term for the use of a con-

trolled substance conviction, and a concurrent six-month jail term for the harassment conviction.

## I.

On appeal, defendant contends that he should have been sentenced pursuant to § 18–18–404, C.R.S.1998, and that the trial court thus erred by imposing a prison sentence. More specifically, defendant maintains that, because the trial court found that he needed drug abuse treatment, it was required to follow the alternative sentencing procedure set forth in the statute. We disagree.

Our goal in construing any statute is to ascertain and give effect to the intent of the General Assembly. *People v. Roberts*, 865 P.2d 938 (Colo.App.1993). To determine legislative intent, we look first to the language of the statute itself, giving the words and phrases used their plain and ordinary meaning. *People v. District Court*, 713 P.2d 918 (Colo.1986).

When the statutory language is clear and unambiguous, it must be interpreted as written, without resort to interpretive rules and statutory construction. *People v. Zapotocky*, 869 P.2d 1234 (Colo.1994).

Courts may not impute "their own meaning to otherwise clear statutory language." *J.D.C. v. District Court*, 910 P.2d 684, 686 (Colo.1996). Nor may we assume a legislative intent that would vary the words used by the General Assembly. *People v. Thomas*, 867 P.2d 880 (Colo.1994).

Finally, we presume that the General Assembly intends a just and reasonable result when it enacts a statute, and we will not follow a statutory construction that defeats the legislative intent or leads to an unreasonable or absurd result. *People v. Terry*, 791 P.2d 374 (Colo.1990).

Section 18–18–404(2), C.R.S.1998, provides that when a person is convicted of the illegal use of certain controlled substances, the trial court must conduct an investigation to determine whether the defendant is addicted to, dependent on, or in need of treatment for the use of a controlled substance. Section 18–18–404(2), C.R.S.1998.

As pertinent here, § 18–18–404(3), C.R.S. 1998, provides:

> *If* the court determines that the defendant is addicted to, a person in need of treatment for, or dependent upon a controlled substance, the court *may declare* the defendant a person in need of treatment, and the court, without imposing sentence and with the consent of such person, shall suspend further proceedings, shall order the person to participate in a treatment program, and shall order such other reasonable conditions for such person as it may require for such period, not to exceed one year, as the court may prescribe. (emphasis added)

Here, the trial court stated that defendant needed treatment for his substance abuse problem. However, it specifically found that defendant was not an appropriate candidate for alternative sentencing pursuant to § 18–18–404(3), and declined to declare him "a person in need of treatment" for purposes of the statute. The court indicated that its determination was based on defendant's extensive criminal history and his failure successfully to complete the substance abuse treatment programs he had been ordered to participate in following his prior convictions for drug-related offenses.

Defendant urges that, having found that he needed drug abuse treatment, the court was required, under § 18–18–404(3), to suspend further proceedings and order him to participate in a treatment program.

Contrary to defendant's assertion, however, application of the alternative sentencing requirement is not automatically triggered by a trial court's factual finding that the defendant is addicted to, dependent on, or in need of treatment for a substance abuse problem.

Rather, as revealed by the emphasized language above, the statute is clearly and unambiguously permissive in nature. Only if the court chooses to declare the defendant to be a "person in need of treatment" is it required to suspend the proceedings and order the

defendant to participate in a treatment program.

Here, although it noted that defendant did need treatment for his drug dependency, the trial court specifically indicated that it had decided, based on the evidence contained in the presentence report, that application of the suspended proceedings provision of the statute was not appropriate in defendant's case. The court thus exercised its discretion not to declare defendant a person in need of treatment for purposes of § 18–18–404(3). Hence, because it did not make that declaration, it was not required to suspend the proceedings and order defendant to participate in a treatment program in lieu of imposing a prison sentence.

We recognize that the purpose of this statute is to provide persons with a drug problem an opportunity for rehabilitation which would not otherwise be available in a typical jail or prison environment. *See People v. Roberts, supra.* However, the statutory language does not support the proposition urged by defendant that all persons convicted of "use" crimes who have substance abuse problems and could benefit from treatment must be permitted to take advantage of the alternative sentencing procedures provided for in § 18–18–404(3), regardless of their criminal histories and other circumstances.

Accordingly, we reject defendant's contention that the trial court was required to suspend the proceedings and order him to participate in a treatment program.

Having reviewed the entire record, including the presentence report, we find no abuse of discretion in the trial court's conclusion that defendant was not an appropriate candidate for the alternative sentencing procedure or in its failure to declare him a person in need of treatment for purposes of § 18–18–404(3).

The sentence is affirmed.

Judge NEY and Judge ROY concur.