The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Oscar FRENCH, Defendant–Appellant.

No. 03CA2477.

Colorado Court of Appeals, Div. III.

Jan. 25, 2007.

Certiorari Denied June 4, 2007.

John W. Suthers, Attorney General, Cheryl Hone Canaday, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Jud Lohnes, Deputy State Public Defender, Priscilla J. Gartner, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Oscar French, appeals the judgment of conviction entered upon jury verdicts finding him guilty of reckless vehicular homicide and leaving the scene of an accident involving death, both class four felonies. Defendant also appeals the aggravated range sentence imposed upon his vehicular homicide conviction. In an earlier decision, we affirmed the judgment of conviction and sentence. *People v. French,* 141 P.3d 856 (Colo.App.2005). However, on certiorari review, the supreme court vacated that judgment and remanded the case for reconsideration in light of *People v. Huber,* 139 P.3d 628 (Colo.2006), and *People v. Isaacks,* 133 P.3d 1190 (Colo.2006). We ordered supplemental briefing on the issue, and upon reconsideration, we again affirm.

The facts of the case and our disposition of defendant's first two arguments are contained in our prior opinion, which we reaffirm

here without further recitation or analysis. *See People v. French, supra,* 141 P.3d at 856–60. We address only defendant's third argument, which concerns his sentence in the aggravated range.

## I. Aggravated Range Sentence

Defendant asserts the trial court deprived him of his Sixth Amendment and due process rights to a jury trial by impermissibly imposing an aggravated range sentence. We disagree.

■ Generally, a trial court has broad discretion in sentencing decisions, and its determination will not be overturned on appeal absent an abuse of discretion. *People v. Watkins,* 684 P.2d 234, 239 (Colo.1984); *Triggs v. People,* 197 Colo. 229, 231, 591 P.2d 1024, 1025 (1979). However, our review of constitutional challenges to sentencing determinations is de novo. *Lopez v. People,* 113 P.3d 713, 720 (Colo.2005).

Vehicular homicide is a class four felony, *see* § 18–3–106(1)(a), (c), C.R.S.2006, which carries a presumptive range sentence of two to six years. Section 18–1.3–401(1)(a)(V)(A), C.R.S.2006. However, the court may impose a sentence of up to twice the maximum term authorized in the presumptive range if it finds extraordinary aggravating circumstances, *see* § 18–1.3–401(6), C.R.S.2006, or if "[a]t the time of the commission of the felony, the defendant was charged with or was on bond for a felony in a previous case and the defendant was convicted of any felony in the previous case." Section 18–1.3–401(9)(a), C.R.S.2006.

The trial court sentenced defendant to twelve years on the vehicular homicide count, or twice the maximum term authorized in the presumptive range. It based this sentence in part on its finding of extraordinary aggravating circumstances, including defendant's "reckless driving for thirty miles or more, the dozens of people that [he] put in harm's way ... [and] the harm to [other drivers involved in the accident], not to mention the death of [the victim]." The trial court also aggravated defendant's sentence because he was on bond for a felony at the time of commission of the instant offense and pleaded guilty to that felony before sentencing in this case.

### A. Conviction for On–Bond Offense

■ Defendant first asserts the trial court erred in enhancing his sentence pursuant to § 18–1.3–401(9)(a) because he had not yet been "convicted" of the felony for which he had pleaded guilty and was on bond when the trial court sentenced him here. In essence, he asserts that, because he had not yet been sentenced for the on-bond offense, no "conviction" had entered. We disagree.

■ Interpretation of statutes is a question of law that we review de novo. *Robles v. People,* 811 P.2d 804, 806 (Colo.1991); *People v. Terry,* 791 P.2d 374, 376 (Colo.1990).

■ A court's responsibility in interpreting a statute is to ascertain and give effect to the intent of the General Assembly. *People v. Luther,* 58 P.3d 1013, 1015 (Colo. 2002); *Martin v. People,* 27 P.3d 846, 851 (Colo.2001). If the language of the statute is unambiguous and does not conflict with other provisions, its plain meaning must be given effect. But if the language is ambiguous or in conflict with other provisions, the court may look to legislative history, prior law, the consequences of a given construction, and the goal of the statutory scheme to discern its meaning. *People v. Luther, supra; Martin v. People, supra.* If possible, the statute should be interpreted so as to give consistent, harmonious, and logical effect to all its parts. *People v. Cooper,* 27 P.3d 348, 354 (Colo.2001); *People v. Dist. Court,* 713 P.2d 918, 921 (Colo.1986). But the statute should not be interpreted so as to produce an absurd result. *Reg'l Transp. Dist. v. Lopez,* 916 P.2d 1187, 1192 (Colo.1996).

The supreme court has not defined the term "convicted" as used in § 18–1.3–401(9)(a). *See People v. Chavez,* 764 P.2d 356, 357 n. 2 (Colo.1988) ("We express no opinion as to the correctness of this interpretation [whether a guilty plea constitutes a conviction for purposes of § 18–1.3–401(9)(a)], noting that the word 'conviction' has been variously construed by this court."); *see also People v. Roberts,* 865 P.2d 938, 940 (Colo.App.1993)("The meaning of 'conviction'

may vary depending upon the statute in which it is used and the issue in the particular case.").

Defendant cites Crim. P. 32(c) in support of his contention that a conviction necessarily includes the imposition of a sentence. Crim. P. 32(c) states, "A judgment of conviction shall consist of a recital of the plea, the verdict or findings, the sentence, the finding of the amount of presentence confinement, and costs, if any are assessed against the defendant."

However, courts have distinguished between a "conviction" and a "judgment of conviction" when to do so would effectuate the General Assembly's intent in enacting a statute. *See People v. Roberts, supra,* 865 P.2d at 940.

In *Roberts,* the defendant pleaded guilty to possession of a controlled substance and was ordered to participate in a drug treatment program. The court also ordered her to surrender her driver's license and pay a victim compensation fee. The defendant appealed the additional conditions, asserting that the statutes authorizing the conditions required that they be imposed upon a "conviction." A division of this court rejected the defendant's narrow interpretation, reasoning that the term "conviction" has a less formal and technical meaning than the definition contained in Crim. P. 32(c). *People v. Roberts, supra,* 865 P.2d at 940 (citing *People v. Allaire,* 843 P.2d 38, 40 (Colo.App.1992)). "In its general and popular sense, and frequently in its ordinary legal sense, the term 'conviction' means the establishment of guilt by a verdict or plea independent of a judgment and sentence." *People v. Roberts, supra,* 865 P.2d at 940.

■ In a related context, a court's acceptance of a guilty plea under a deferred sentencing statute constitutes a conviction for purposes of the Double Jeopardy Clause, even though formal entry of judgment and sentencing have not yet occurred. *See Jeffrey v. Dist. Court,* 626 P.2d 631, 635 n. 4 (Colo.1981).

■ Similarly, a court's acceptance of a guilty plea and granting of a deferred sentence constitute a conviction for purposes of

the bail bond statute. *Hafelfinger v. Dist. Court,* 674 P.2d 375, 378 (Colo.1984). In *Hafelfinger,* the supreme court distinguished a guilty plea from a mere admission or extrajudicial confession, in terms of its purpose and effect: "Like a verdict of a jury [a guilty plea] is conclusive. . . . [T]he court has nothing to do but give judgment and sentence." *Hafelfinger v. Dist. Court, supra,* 674 P.2d at 377 (quoting *Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 113, 103 S.Ct. 986, 992, 74 L.Ed.2d 845 (1983)).

Looking to the other subparts of § 18–1.3–401(9), we note that § 18–1.3–401(9)(b), C.R.S.2006, authorizes an aggravated sentence if "[a]t the time of the commission of the felony, the defendant was on bond for having pled guilty to a lesser offense when the original offense charged was a felony." It would lead to an absurd result if a defendant who pleaded guilty to a misdemeanor was exposed to an aggravated sentence, but a defendant who pleaded guilty to a felony was not. *See People v. Huber, supra* (prior misdemeanor conviction may be used to aggravate sentence).

■ Finally, we note that the General Assembly's intent in enacting enhanced sentencing statutes is to punish more severely defendants who have shown a propensity toward repeated criminal acts. *People v. Anderson,* 784 P.2d 802, 804–05 (Colo.App. 1989).

Thus, what is critical for purposes of § 18–1.3–401(9)(a) is the fact of the defendant's guilt of a prior felony. As in the contexts of deferred sentencing, the Double Jeopardy Clause, and the bail bond statute, the punishment received for the prior criminal act is irrelevant. We therefore conclude that a guilty plea constitutes a conviction within the meaning of § 18–1.3–401(9)(a).

Here, at defendant's sentencing, the fact of his guilt of a prior felony had already been determined by his guilty plea in the Arapahoe County case. Accordingly, he had been "convicted" within the meaning of § 18–1.3–401(9)(a).

## B. Prior Conviction

■ Defendant nevertheless contends that his conviction for the on-bond offense is a subsequent conviction, not a prior one. We disagree. The "conviction" for the previous on-bond offense, as we have interpreted that term, occurred before defendant was sentenced in this case. Hence, it is truly a "prior" conviction. *See Lopez v. People, supra* (because conviction on another case that arose after the charged offense occurred before sentencing, trial court could constitutionally aggravate sentence based thereon).

## C. Sixth Amendment and Due Process Requirements

■ The next issue is whether defendant's aggravated range sentence passes constitutional muster under the Sixth Amendment and due process requirements. We conclude that it does.

The United States Supreme Court has held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000). The Court reiterated this holding in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and clarified that the "statutory maximum" is the maximum sentence a judge may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington, supra*, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis omitted).

Recently, the Colorado Supreme Court applied the rule of *Apprendi* and *Blakely* to § 18–1.3–401(6). *See Lopez v. People, supra*. There, the court identified four factors that may be constitutionally applied in aggravated sentencing under § 18–1.3–401(6):(1) facts admitted by the defendant; (2) facts found by a jury, as reflected in its verdict; (3) facts found by a judge when the defendant has stipulated to judicial fact finding for sentencing purposes; and (4) the fact of a prior conviction. The first three factors are considered "*Blakely*-compliant," while the prior conviction factor is considered "*Blakely*-ex-

empt." *Lopez v. People, supra*, 113 P.3d at 723 (citing *State v. Aleman*, 210 Ariz. 232, 109 P.3d 571, 580 (Ariz.Ct.App.2005)).

Here, defendant was convicted of the on-bond offense before sentencing. Thus, he is not entitled to relief under *Blakely* because his prior conviction is a "*Blakely*-exempt" factor. Defense counsel told the court at the sentencing hearing that defendant had already pleaded guilty to the on-bond offense. And although the representations regarding defendant's prior conviction were made by defense counsel and not by defendant himself, defendant did not dispute the correctness of the statements at the time they were made. *See People v. Fogle*, 116 P.3d 1227 (Colo.App.2004) (because defendant did not dispute counsel's statements admitting that he was on probation when he committed the instant offense, counsel's admissions were properly treated as the defendant's own).

Defendant nevertheless contends that *People v. Fogle, supra*, is distinguishable because, in that case, the defendant pleaded guilty and received a lengthy advisement regarding his constitutional rights, including his right to a jury trial, and here, defendant received no such advisement. He also contends that he did not waive his constitutional right to a jury finding on aggravating factors.

■ We reject these assertions. Defendant has no constitutional right to a jury trial to determine whether he has a prior conviction. Instead, that is an inquiry and finding that the trial judge is entitled to make. *See Blakely v. Washington, supra; Lopez v. People, supra*.

It is true, as defendant asserts, that the trial court relied at sentencing upon his status as being on bond for a previous felony. However, the trial court also relied upon his previous conviction for that offense, and the latter reliance alone is sufficient for the aggravated sentence to pass constitutional muster. *See Lopez v. People, supra* (one *Blakely*-exempt factor is sufficient to support an aggravated sentence, even if the sentencing court also considered factors that were not *Blakely*-compliant or *Blakely*-exempt). Hence, even if we assume, without deciding, that the judicial finding that defendant was

on bond runs afoul of *Blakely*, that assumption does not invalidate defendant's sentence.

### D. Effect of *People v. Huber*

Defendant nevertheless asserts that *People v. Huber, supra,* mandates a different result. We disagree.

In *Huber,* the supreme court held that the trial court properly had sentenced the defendant in the aggravated range based on his prior misdemeanor conviction and his commission of the charged offense while on sex offender supervision. In doing so, the court noted that "as long as the prior conviction arose from procedures that satisfy the Sixth and Fourteenth Amendments, the judge may consider the prior conviction at sentencing." *People v. Huber, supra,* 139 P.3d at 632.

Relying on the quoted language, defendant asserts that his guilty plea in the Arapahoe County case did not arise from procedures that satisfied the Sixth and Fourteenth Amendments because the "prior conviction fact" was not based on a judgment of conviction, but merely a guilty plea. We disagree.

We have already determined that the presence of a sentence or the existence of a formal judgment of conviction is not required to determine that a defendant has been "convicted" within the meaning of § 18–1.3–401(9), and we perceive nothing in *People v. Huber* to change that statutory analysis.

Moreover, the prior conviction exception to the jury trial right as to aggravated sentencing is predicated upon there having been procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees in the previous proceeding. *See Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). All those guarantees deal with the guilt phase of a proceeding, and not the punishment phase in which a sentence is imposed. Accordingly, we do not perceive that *Blakely* or *Apprendi* requires the existence of a formal judgment of conviction or sentence before the exception may be applicable.

■ Defendant nevertheless asserts that there is no assurance that the sentencing court was considering a conviction that had been obtained in conformance with the Sixth

and Fourteenth Amendments. However, before a defendant may plead guilty to an offense, a court must render an advisement and engage in a colloquy with the defendant in accordance with Crim. P. 11 to ensure that the plea is constitutionally obtained. *See People v. Drake,* 785 P.2d 1257 (Colo.1990); *People v. Chippewa,* 713 P.2d 1311 (Colo.App. 1985), *aff'd,* 751 P.2d 607 (Colo.1988)(Crim P. 11 prescribes procedures that a court must follow to assure that constitutional requirements are met; an affirmative showing of compliance with Crim. P. 11 is generally sufficient to satisfy due process).

■ By entering a plea of guilty, the defendant waives a series of constitutional rights. A guilty plea ends the obligation of the prosecutor and the court to bring the defendant to trial and exposes the defendant to the imposition of criminal penalties. *People v. Madsen,* 707 P.2d 344, 346 (Colo.1985). "[B]y pleading guilty to a charge, the defendant waives his Fifth Amendment privilege against self-incrimination, the Article III and Sixth Amendment right to trial by jury, and the right to confront one's accusers." *People v. Kyler,* 991 P.2d 810, 816 (Colo.1999).

■ A defendant entering a guilty plea waives the right to a speedy trial, the right to insist that the prosecution establish guilt beyond a reasonable doubt, and the right to present witnesses. The court accepting the guilty plea must ensure that the defendant's decision to enter the plea represents a "voluntary and intelligent choice among the alternative courses of action open to the defendant" and be the product of a free and rational choice. *People v. Kyler, supra,* 991 P.2d at 816 (quoting *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970)).

Colorado statutes provide that "[t]he acceptance by the court of a plea of guilty acts as a waiver by the defendant of the right to trial by jury on all issues including the determination of the penalty to be assessed, and the acceptance of such plea also acts as a conviction for the offense." Section 16–7–206(3), C.R.S.2006. After the court accepts a knowing and voluntary plea, "nothing remains but to give judgment and determine

punishment." *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969).

Here, because a court will not accept a guilty plea until it complies with Crim. P. 11, because compliance with that rule assures that due process standards have been met, and because a guilty plea waives the Sixth and Fourteenth Amendment right to jury trial, we may presume that defendant's plea of guilty was obtained in accordance with the Sixth and Fourteenth amendments, absent any allegation and proof by defendant to the contrary. Indeed, defendant does not contend here that there was any defect in the entry of his Arapahoe County plea.

Defendant also asserts that the Arapahoe County court had not actually accepted the plea of guilty because it had not yet pronounced sentence. We reject this assertion as well.

While it is true that at a providency hearing, a trial court does not necessarily represent that it will accept the sentencing and charging concessions offered by the prosecution, *see* Crim. P. 11(f)(5), 32(d); *Young v. People,* 30 P.3d 202 (Colo.2001), the court in fact accepts the guilty plea at the providency hearing, subject to later review and approval following receipt of a presentence investigation and report. *See* Crim. P. 11(b).

Defendant asserts that he might be permitted to withdraw his guilty plea in the Arapahoe County case and, thus, the sentencing court might have improperly relied upon that guilty plea. The answer to this argument is that defendant has not asserted before us that he has sought to withdraw that plea, nor has he asserted that he is presently collaterally attacking it. Absent such allegations, the argument lacks a factual foundation.

### E. Effect of *People v. Isaacks*

We reject defendant's additional assertion that *People v. Isaacks, supra,* also mandates a different result.

In *Isaacks,* the court held that any waiver of the right to have a jury determine the existence of extraordinary aggravating facts

for sentencing purposes must be knowing, voluntary, and intelligent. However, the *Isaacks* holding applies when the prosecution relies upon an admission by the defendant as a *Blakely*-compliant fact to support an aggravated range sentence. The holding has no application when, as here, the prosecution relies upon a *Blakely*-exempt prior conviction fact. *See People v. Elie,* 148 P.3d 359 (Colo. App.2006) (*Isaacks* does not apply to *Blakely*-exempt prior convictions); *People v. Blessett,* 155 P.3d 388, 2006 WL 1028888 (Colo. App. No. 04CA0434, Apr. 20, 2006, as modified on rehearing, July 13, 2006)(same). As noted previously, neither *Apprendi* nor *Blakely* establishes a constitutional right to have a jury determine beyond a reasonable doubt the existence of a prior conviction. That determination may be made by the trial judge.

Accordingly, defendant's enhanced sentence does not violate the Sixth Amendment or offend due process principles.

### F. Other Aggravating Factors

In light of the disposition above, we need not consider whether "reckless driving for thirty miles or more" and "the harm to [other drivers involved in the accident]" were proper aggravating circumstances in this case. *See People v. Leske,* 957 P.2d 1030, 1043 (Colo.1998); *People v. Broga,* 750 P.2d 59, 62 (Colo.1988) ("Where the sentencing court finds several factors justifying a sentence in the aggravated range, only one of those factors need be legitimate to support the sentencing court's decision."). A defendant's constitutional rights are satisfied so long as there is one valid factor to support an aggravated range sentence. *See Lopez v. People, supra,* 113 P.3d at 731.

### II.

In light of this analysis, we need not address defendant's remaining contentions.

The judgment and sentence are affirmed.

Judge TAUBMAN and Judge HAWTHORNE concur.