**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Philip Wayne HUTCHINGS, Defendant–Appellee.**

**No. 93CA0897.**

Colorado Court of Appeals, Div. II.

Aug. 11, 1994.

David J. Thomas, Dist. Atty., Donna S. Reed, Chief Appellate Deputy Dist. Atty., Golden, for plaintiff-appellant.

Richard J. Korecki, Denver, for defendant-appellee.

Opinion by Judge TURSI.*

The People appeal the order suspending resentencing proceedings after revocation of probation of the defendant, Philip Wayne Hutchings. We reverse the order and remand for further proceedings.

The defendant was convicted of *possession* of a controlled substance under § 18–18–405, C.R.S. (1993 Cum.Supp.), and sentenced to two years probation. He later admitted to drug use, a violation of the terms of probation. The trial court then revoked the probation.

At the resentencing hearing, the court applied § 18–18–404(3), C.R.S. (1993 Cum. Supp.), which concerns unlawful *use* of con-

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

trolled substances, determined that the defendant was a "person in need of treatment," and suspended the proceedings. The court ordered that defendant participate in a treatment program and set a review hearing at which further orders would be considered.

The People contend that the trial court erred in applying the provisions of § 18–18–404(3) to the resentencing of defendant who had been convicted under the possession statute. We agree.

The People do not contest the authority of the court to order treatment as a condition of probation under §§ 16–11–202 and 16–11–204, C.R.S. (1986 Repl.Vol. 8A). However, they assert that § 18–18–404(3) is inapplicable here, particularly as it provides that, if the defendant does not violate the treatment conditions, the court must discharge the defendant and dismiss any further proceedings against him, which discharge and dismissal "shall not be termed a conviction."

If probation is revoked, the trial court may impose any sentence or grant any probation "which might originally have been imposed or granted." Section 16–11–206(5), C.R.S. (1986 Repl.Vol. 8A); Crim.P. 32(f)(5). That statutory phrase means that the resentencing must be done within the statutory limits of the law applicable at the time the defendant was originally placed on probation. *See People v. McDaniels*, 844 P.2d 1257 (Colo.App. 1992); *People v. Lorenzo*, 644 P.2d 50 (Colo. App.1981).

Here, the trial court did not choose among statutory sentencing alternatives "which might originally have been imposed" for defendant's possession conviction, but instead resentenced defendant under a statute inapplicable to the offense of conviction. *See People v. Cagle*, 751 P.2d 614 (Colo.1988) (contrasting the penalties for possession of controlled substances with those for use); *see also People v. Roberts*, 865 P.2d 938 (Colo. App.1993) (applying § 18–18–404(3) to defendant found guilty of use of a controlled substance). Thus, the trial court exceeded its jurisdiction in applying a sentencing alternative that could not have been imposed originally.

The order is reversed, and the cause is remanded to the trial court for further proceedings to resentence the defendant in accordance with the law.

CRISWELL and MARQUEZ, JJ., concur.