**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellant,**

v.

**Keitheka Makau NANCE, a/k/a Kietheka**
**Makau Nance, Defendant–Appellee.**

**No. 09CA0220.**

Colorado Court of Appeals,
Div. I.

Nov. 12, 2009.

Carol Chambers, District Attorney, David C. Jones, Chief Deputy District Attorney, Centennial, Colorado, for Plaintiff–Appellant.

Douglas K. Wilson, Colorado State Public Defender, Pamela A. Dayton, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge TAUBMAN.

The People appeal the trial court's sentence, following revocation of probation, reinstating probation for defendant, Keitheka Makau Nance, also known as Kietheka Makau Nance. Because we reject their contention that Nance's revocation of probation negated the People's recommendation for a waiver of the two-felony rule, we conclude the trial court retained discretion to sentence Nance to probation pursuant to section 18–1.3–201(4)(a)(I), C.R.S.2009. Accordingly, we affirm.

## I. Background

Nance was charged with assault in the second degree, a felony, arising from an incident in September 2007 at the Arapahoe County Detention Facility where Nance spit on a deputy sheriff. Accepting a plea agreement, Nance pleaded guilty to felony menacing in exchange for (1) dismissal of the felony assault charge, (2) the prosecutor's recommendation of waiver of the two-felony rule to allow a sentence of probation, and (3) a sentence of five years probation with no additional jail time. The prosecutor recommended probation because Nance had a history of mental health issues and a probationary sentence would give Nance an opportunity to receive mental health treatment.

Four months later, Nance's probation officer filed a complaint for revocation of probation, alleging Nance had left the state without permission and missed two probation appointments. At a hearing on the revocation complaint, Nance admitted to the

probation violation and agreed to leave his new sentence open to the court's discretion. Nance requested that he be resentenced to probation, but the prosecutor argued reinstatement of probation was barred by the two-felony rule absent another recommendation by the prosecutor.

The trial court concluded the prosecutor's recommended waiver of the two-felony rule is "for purposes of the crime to which the defendant pled guilty," and a probation violation does not negate the original waiver. The trial court reinstated probation with the same terms and conditions as imposed in the original plea agreement, including mental health treatment, but added a ninety-day jail sentence. The trial court determined that reinstating probation was appropriate due to Nance's "background and some of the issues that he is coping with in life."

The People appeal the trial court's sentence.

## II.   Statutory Interpretation

The People contend a prosecutor's recommendation to waive the two-felony rule in a plea agreement does not remain in effect after probation is revoked. Thus, the People argue that the trial court erred in reinstating Nance's probation absent a new waiver recommendation. We disagree.

■ Probation is a privilege that may be revoked at the discretion of the trial court upon a violation. *People v. Ickler,* 877 P.2d 863, 866 (Colo.1994). Probation is a "creature of statute" and its terms must be derived from statute. *Chism v. People,* 80 P.3d 293, 294 (Colo.2003).

Statutory interpretation is a question of law that we review de novo. *Hendricks v. People,* 10 P.3d 1231, 1235 (Colo.2000).

The goal of statutory interpretation is to ascertain the General Assembly's intent. *People in Interest of J.W.T.,* 93 P.3d 580, 581 (Colo.App.2004). When interpreting a statute, a court should first look to the plain language of the statute. *In re J.N.H.,* 209 P.3d 1221, 1222–23 (Colo.App.2009). If legislative intent is clear from the plain language of the statute, other rules of statutory interpretation need not be applied. *Id.* at 1223.

If the language of the statute can lead to multiple interpretations, the history of the statute may be useful to determine legislative intent. *Id.* "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). In addition, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." § 2–4–101, C.R.S.2009. If a statute is ambiguous, it is appropriate to consider the consequences of a particular construction when determining the intent of the General Assembly. § 2–4–203, C.R.S.2009.

The two-felony rule provides that defendants with two prior felony convictions are ordinarily not eligible for probation. § 18–1.3–201(2), C.R.S.2009. However, the statute contains an exception which allows two-felony offenders to be eligible for probation "upon recommendation of the district attorney." § 18–1.3–201(2)(c), C.R.S.2009. This judicial "waiver" of the two-felony rule is a statutory exception because, upon recommendation of the district attorney, it allows the sentencing court the option of sentencing a defendant with two prior felony convictions to probation.

Both parties agree that whether the prosecutor's recommended waiver of the two-felony rule continues in effect after the defendant's probation is revoked is a matter of first impression in Colorado.

■ A probation revocation hearing primarily reassesses the correctness of the original sentence and determines whether alternatives to incarceration remain viable options. *People v. Firth,* 205 P.3d 445, 452 (Colo.App.2008). The purpose of the proceeding is to consider the defendant's conduct "after an adjudication of guilt and to assess the correctness of the original sentence." *Byrd v. People,* 58 P.3d 50, 55 (Colo. 2002). Establishing a violation of probation permits, but does not require, the revocation of probation or the alteration of a defendant's sentence. *People v. Guatney,* 214

P.3d 1049, 1052 (Colo.2009). The revocation of probation is entirely at the discretion of the sentencing court. *Id.* (explaining that "[s]hort of infringing on a defendant's right to due process of law, the probationary power of the courts must retain flexibility in order to best serve the ends of justice and the interests of the public").

■ The language of section 18–1.3–201(2) does not plainly answer whether the General Assembly intended for probation revocation to negate the prosecutor's recommendation to waive the two-felony rule. The parties do not cite, and we could not locate, any legislative history that would help explain the General Assembly's intent. *See Hygiene Fire Prot. Dist. v. Bd. of County Comm'rs,* 205 P.3d 487, 491 (Colo.App.2008) (*cert. granted* Apr. 20, 2009) (finding absence of legislative history suggested that the General Assembly had not intended a dramatic change in existing law). However, reviewing the language used and the context of the statute as a whole, we conclude that the trial court correctly determined it had authority to resentence Nance to probation.

Section 18–1.3–201(2) does not specify whether a trial court that received a recommendation from the prosecutor to waive the two-felony rule retains discretion to sentence a defendant to probation after the original probation is revoked. However, the structure and language of section 18–1.3–201 suggest that the district attorney's recommendation to waive the two-felony rule occurs only prior to the initial sentencing. First, the waiver provisions contained in subsections 18–1.3–201(4)(a)(I) and (II) refer back to section 18–1.3–201(2). Subsections (2)(a) and (b) refer to "the conviction upon which [the defendant's] application is based," which indicates that the required application for probation, *see* § 18–1.3–201(1), C.R.S.2009, relates to the "conviction." Because a probation revocation is not a conviction, the statutory scheme does not contemplate that a defendant must make a second application for probation.

Section 16–11–206(5), C.R.S.2009, provides, as relevant here, that if a court revokes probation, it "may then impose any sentence or grant any probation pursuant to the provi-

sions of this part 2 which might originally have been imposed or granted." However, section 16–11–206(5) does not plainly answer whether the trial court, after initially waiving the application of the two-felony rule upon the recommendation of the prosecutor, retains discretion to sentence a defendant to probation after a revocation of probation.

If we interpret the statutory phrase, "which might originally have been imposed or granted," to refer to the sentence available to the court prior to the prosecutor's recommendation, then probation could never be imposed after a revocation because the statute requires defendants to "apply" for probation. Because section 16–11–206(5) clearly contemplates that probation is available to some defendants, the phrase must refer to the sentence available to the court after the prosecutor's recommendation and before the initial sentence is imposed. Therefore, we conclude that section 18–1.3–201(2) does not require the prosecutor to make a second recommendation, and the trial court's resentencing of Nance to probation was within "the statutory limits of the law applicable at the time the defendant was originally placed on probation." *People v. Hutchings,* 881 P.2d 466, 467 (Colo.App. 1994).

Further, retaining the discretion to sentence an offender to probation after a violation gives the sentencing court flexibility to serve the ends of justice and the interests of the public, important aspects of the court's probationary power.

■ A division of this court interpreting section 16–11–206(5) held that it "means that the resentencing must be done within the statutory limits of the law applicable at the time the defendant was originally placed on probation." *Hutchings,* 881 P.2d at 467. We agree with the *Hutchings* division's interpretation of the statute and conclude that it makes sense here. When Nance was originally placed on probation, the court had authority to sentence him to probation because the prosecutor had recommended that the court grant an exception to the two-felony rule.

Similarly, another division of this court ruled, "If probation is revoked, the trial court may impose any sentence or grant any probation 'which might originally have been imposed or granted.' " *People v. McDaniels,* 844 P.2d 1257, 1258 (Colo.App.1992) (quoting § 16–11–206(5) ). In *McDaniels,* the division interpreted section 16–11–206(5) "as concerning the statutory limits of the sentence unaffected by any plea bargain." *Id.* The division held that to interpret the statute otherwise "would eliminate the option of subsequent incarceration whenever the original plea agreement contemplated granting probation, despite a defendant's failure to comply with the terms and conditions of probation." *Id.* In rejecting the argument that the new sentence violated the terms of the plea agreement, the *McDaniels* division concluded that "the defendant received the benefit of his plea agreement at the time of the initial sentencing" and "[f]ollowing the revocation of probation, a different factual predicate existed upon which sentence was imposed." *Id.*

The People argue that the two-felony waiver was negated by the revocation of Nance's probation, much like the *McDaniels* division found the sentencing cap in a plea agreement was no longer applicable after probation was revoked. The People contend that because the terms of the original plea agreement were no longer applicable, the trial court did not retain authority to waive the two-felony rule absent a new recommendation by the People.

In so arguing, the People rely on the language in *McDaniels* that section 16–11–206(5) concerns "the statutory limits of the sentence unaffected by any plea bargain." Since Nance's plea agreement was affected by their recommendation that the court waive the two-felony rule, they maintain that the court must return to the status quo ante—that is, Nance's circumstances before he pleaded guilty—when determining what sentence to impose after revoking probation. However, we conclude the language the People rely on in *McDaniels* should not be interpreted so broadly to apply to all aspects of a plea agreement, and we therefore disagree that the probation revocation negated the

prosecutor's recommendation for waiver of the two-felony rule.

▪ To interpret the *McDaniels* language to negate all aspects of a plea agreement upon revocation of probation may not always be possible. Because of double jeopardy principles, any plea agreement that dismisses a charge precludes the reinstatement of that charge upon revocation of probation. *See People v. Carpenter,* 709 P.2d 72, 73 (Colo. App.1985) ("When a defendant pleads guilty to an offense, jeopardy attaches when the court finally accepts the defendant's plea. Once jeopardy has attached, any further prosecution in the same proceeding is barred, as is a second prosecution for the same offense." (citation omitted) ). Therefore, the statutory language allowing a court to apply any sentence "which might originally have been imposed or granted" is not completely unaffected by any plea agreement.

Here, some components of the plea agreement were not affected by the probation revocation. First, the prosecutor agreed to withdraw the original felony assault charge and replace it with a felony menacing charge. The parties agree that Nance's probation violation does not negate his guilty plea to felony menacing nor allow the People to seek reinstatement of the assault charge. Reinstatement of the original assault charge after revocation of probation is barred by double jeopardy. Nance's guilty plea to the menacing charge and the dismissal of the assault charge were both components of the plea agreement that were not affected by the probation revocation. Therefore, Nance's probation revocation did not negate every component of the plea agreement, and the People's construction of section 16–11–206(5) based on the language in *McDaniels* would lead to a result the General Assembly did not intend. We conclude that the *McDaniels* language does not apply to the circumstances of this case. Further, *McDaniels* is distinguishable because that case involved a sentencing cap in a plea agreement, and this case does not involve a sentencing cap.

▪ In addition, the district attorney may recommend waiver of the two-felony rule outside the context of a plea agreement. Therefore, our analysis does not depend on

which parts of a plea agreement survive probation revocation proceedings. To that extent, *McDaniels* simply stands for the correct proposition that the sentence imposed upon revocation is not limited by a cap in a plea agreement. As discussed above, the prosecutor was not entitled to make a second recommendation regarding waiver of the two-felony statute at revocation because the recommendation is triggered by the application for probation, which is made after a defendant's conviction.

Nevertheless, the People contend that allowing the trial court's waiver of the two-felony rule to remain in effect despite a probation revocation eliminates the incentive for an offender to abide by the conditions of his or her probation. Nance was only eligible for probation because the People recommended it to the trial court. However, the plea agreement never ensured that Nance would be sentenced to probation. The agreement merely stipulated that the district attorney would recommend probation. The final determination of whether to grant Nance probation was at the discretion of the sentencing court. Contrary to the People's argument, allowing the sentencing court to retain the right to resentence an offender to probation after a revocation of probation would not undermine the goals of probation. Since a defendant is not entitled to probation upon resentencing, he or she still has every incentive to abide by the terms of probation to avoid incarceration. Thus, the decision of whether to reinstate probation or sentence the defendant to incarceration remains at the discretion of the trial court even without a new recommendation from the district attorney.

The trial court's sentence is affirmed.

Judge DAILEY and Judge BOORAS concur.