The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Brian Neil KINISTON, Defendant–Appellant.

No. 09CA2400.

Colorado Court of Appeals, Div. VII.

March 17, 2011.

Rehearing Denied April 21, 2011.

John W. Suthers, Attorney General, Susan E. Friedman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Rachel C. Funez, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TERRY.

Defendant, Brian Neil Kiniston, appeals the sentence imposed on his conviction for felony theft. He pled guilty to theft in this case in March 2007, and received a deferred judgment and sentence. At the time of his plea, defendant did not have any prior felony convictions. Based on his later criminal conduct, his deferred judgment and sentence were revoked, and he was sentenced in September 2009.

After defendant's guilty plea in this case, but before revocation of his deferred judgment and sentence, he was convicted of two additional felonies. Applying section 18–1.3–201(2)(a.5), C.R.S.2010, which precludes a court from considering a sentence to probation where the defendant has been convicted of two or more prior felonies, the trial court concluded that defendant's two other felony convictions were "prior" felonies, because they occurred before the revocation in this case. Given that the People declined to waive application of the "two prior felony" statute under section 18–1.3–201(4)(a)(I), C.R.S.2010, the trial court determined that it could not consider probation as a sentencing option, and sentenced defendant to community corrections.

On appeal, defendant contends that the "conviction" referenced in section 18–1.3–201(2)(a.5) refers to his guilty plea, and not to the subsequent revocation, and therefore that the other felony convictions cannot be considered "prior" felonies under that statute. Because we agree with defendant's construction of section 18–1.3–201(2)(a.5), we reverse his sentence and remand for resentencing.

## I.  Discussion

Section 18–1.3–201(2)(a.5) provides: "A person who has been twice or more convicted of a felony under the laws of this state, any other state, or the United States *prior to the conviction on which his or her application [for probation] is based* shall not be eligible for probation." § 18–1.3–201(2)(a.5) (emphasis added).

Because we are called upon here to decide the meaning of this statutory language, our review is de novo. *See Montes–Rodriguez v. People,* 241 P.3d 924, 927 (Colo. 2010).

The goal of statutory interpretation is to ascertain the General Assembly's intent. *People v. Nance,* 221 P.3d 428, 430 (Colo. App.2009). If legislative intent is clear from the plain language of the statute, other rules of statutory interpretation need not be applied. *Id.* The words of statutes are to be given their plain and ordinary meaning. *Town of Telluride v. Lot Thirty–Four Venture, L.L.C.,* 3 P.3d 30, 35 (Colo.2000). " 'The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.' " *Nance,* 221 P.3d at 430 (quoting *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997)).

### A. The Language and Apparent Intent of Section 18–1.3–201(2)(a.5)

The language and apparent intent of section 18–1.3–201(2)(a.5) support defendant's argument that the trial court was not prohibited from considering a new sentence to probation, and do not support the People's argument that we must read the word "conviction" in that statute to mean "judgment of conviction."

We have reviewed the language of the statute to discern whether the General Assembly used the word "conviction" in the statute to mean "judgment of conviction," and conclude it did not. *See People v. French*, 165 P.3d 836, 839 (Colo.App.2007) ("courts have distinguished between a 'conviction' and a 'judgment of conviction' when to do so would effectuate the General Assembly's intent in enacting a statute") (citing *People v. Roberts*, 865 P.2d 938, 940 (Colo. App.1993)).

We are required to read a statute as a whole, giving sensible effect to all of its parts whenever possible, and such reading may be a guide to discerning legislative intent in the case of potential ambiguity. *See CLPF–Parkridge One, L.P. v. Harwell Investments, Inc.*, 105 P.3d 658, 660 (Colo. 2005).

A review of the provisions of section 18–1.3–201 shows that the People's interpretation cannot be adopted, because those provisions simply do not make sense if the terms "convicted" and "conviction" are read to refer to a "judgment of conviction."

Subsection (1)(a) provides that "[a] person who has been convicted of an offense . . . is eligible to apply to the court for probation." If we were to read the word "convicted" to mean "under a judgment of conviction," the judgment would necessarily include the sentence. *See* Crim. P. 32(b)(3) ("A judgment of conviction shall consist of a recital of the plea, the verdict or findings, the *sentence*, the finding of the amount of presentence confinement, and costs, if any are assessed against the defendant, [and other factors].."). Under the People's reading, then, a defendant would not be eligible to apply for probation until *after* he or she had already been sentenced.

This is a nonsensical result and clearly not the legislature's intent. *See People v. Baer*, 973 P.2d 1225, 1229 (Colo.1999).

If the term "conviction" were read to mean "judgment of conviction," subsection (2)(a.5) would read as follows:

A person who has twice or more received a judgment of conviction of a felony . . . prior to the judgment of conviction on which his or her application for probation is based shall not be eligible for probation.

Because a "judgment of conviction" includes the sentence imposed, such a reading is nonsensical, as it discusses the availability (or lack thereof) of probation for a defendant who has *already* been sentenced. *Cf. Nance*, 221 P.3d at 433 (in a probation revocation case under section 18–1.3–201(2), the division noted that a defendant's application for probation is made after "conviction," in a context clearly indicating that "conviction" does not mean "judgment of conviction").

### B. Use and Construction of "Conviction" in Other Criminal Statutes

Our conclusion is further bolstered by the use of the word "conviction" in other statutes, and the construction of such statutes in other Colorado appellate opinions.

For example, section 16–7–206(3), C.R.S. 2010, a statute of general application, provides that the "acceptance by the court of a plea of guilty . . . acts as a conviction for the offense."

The supreme court in *Hafelfinger v. District Court*, 674 P.2d 375 (Colo.1984), held that acceptance of a guilty plea was a "conviction" for purposes of a bail bond statute. *Id.* at 377 (relying, in part, on section 16–7–206(3)).

In *People v. Allaire*, 843 P.2d 38, 40 (Colo. App.1992), the division similarly held that the then-current version of section 18–12–108, Ch. 167, sec. 17, 1975 Colo. Sess. Laws 621, which prohibited persons "previously convicted" from possessing weapons, was "satisfied by proof of a guilty plea and deferred judgment; a judgment of conviction and sentencing are not required." 843 P.2d at 41. The division in *Allaire* stated, "the term 'conviction,' used without any reference to judg-

ment, means merely the establishment of guilt by plea or verdict." *Id.; see also Jeffrey v. District Court,* 626 P.2d 631, 635 n. 4 (Colo.1981) (court's acceptance of guilty plea constitutes a conviction for purposes of Double Jeopardy Clause); *French,* 165 P.3d at 839–40 (guilty plea constitutes a "conviction" within the meaning of § 18–1.3–401(9)(a), C.R.S.2010); *M.T. v. People,* —— P.3d ——, 2010 WL 376525 (Colo.App.2010) *(cert. granted* Feb. 14, 2011) (term "conviction" in § 24–72–308(3)(c), C.R.S.2010, refers to the defendant's guilty plea).

### C. Policy Considerations

Policy considerations also militate against the People's construction of the term "conviction" in section 18–1.3–201(2)(a.5).

If this construction were adopted, a defendant's eligibility for probation could be subject to manipulation. Under our construction of the term "conviction" in section 18–1.3–201(2)(a.5), the availability of the probation option would not depend on the vagaries of criminal dockets, perhaps in multiple jurisdictions, and the possibility of maneuvering by prosecutors.

■ It is important to note that under our construction, the sentencing court is not *required* to impose probation; it simply is *not prohibited* from considering probation as an option, and the court's exercise of its discretion in this area is in accord with sound public policy. *See Nance,* 221 P.3d at 431 ("retaining the discretion to sentence an offender to probation ... gives the sentencing court flexibility to serve the ends of justice and the interests of the public, important aspects of the court's probationary power").

### II. Conclusion

In light of the statutory language used in section 18–1.3–201(2)(a.5), as well as the persuasive authorities and policy considerations addressed above, we conclude the legislature intended the term "conviction" in that statute to refer, as relevant here, to defendant's 2007 guilty plea. Therefore, the trial court erred

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

when it ruled that the statute precluded it from considering a sentence to probation in this case.

Accordingly, the sentence is reversed and the case is remanded to the trial court for resentencing.

Judge BOORAS and Judge STERNBERG * concur.