**COLORADO REPUBLICAN PARTY,**
Petitioner–Appellant,

v.

Debbie **BENEFIELD,** State Representative; Bernie Buescher, State Representative; Morgan Carroll, State Representative; Gwyn Green, State Representative; Mary Hodge, State Representative; Liane "Buffie" McFadyen, State Representative; Wes McKinley, State Representative; Michael Merrifield, State Representative; James Riesberg, State Representative; and Judy Solano, State Representative, Respondents–Appellees.

No. 10CA2327.

Colorado Court of Appeals,
Div. VI.

Nov. 10, 2011.

Zakhem Law, LLC, John Skari Jr., John Zakhem, Denver, Colorado, for Petitioner–Appellant.

Holland & Hart, LLP, Maureen Witt, Jonathan Bender, Denver, Colorado, for Respondents–Appellees.

Opinion by Judge TERRY.

This appeal calls on us to construe the attorney fees and costs provisions of the Colorado Open Records Act (CORA), section 24–72–204(5)–(6), C.R.S.2011. In the trial court, petitioner, Colorado Republican Party (CRP), contended it was the prevailing applicant and was entitled to recover its attorney fees and costs in its CORA lawsuit against respondents, Colorado State Representatives Debbie Benefield, Bernie Buescher, Morgan Carroll, Gwyn Green, Mary Hodge, Liane "Buffie" McFadyen, Wes McKinley, Michael Merrifield, James Riesberg, and Judy Solano (Representatives). CRP appeals the trial court's order denying its Motion for Reasonable Costs and Attorney Fees under section 24–72–204(5).

Because we conclude that the trial court erred in denying the motion, we reverse and remand with instructions.

## I. Background

### A. Constituent Surveys

In 2005, surveys were sent to constituents of the Representatives, soliciting the constituents' views on a variety of legal, political, and social issues, and the completed surveys were returned to the Representatives.

On January 30, 2006, CRP submitted to the Representatives a request under CORA for copies of the completed surveys. The

Representatives refused to produce any of the 1,584 surveys, maintaining that they were confidential constituent communications excepted from disclosure under CORA section 24–72–202(6)(a)(II)(C), C.R.S.2011.

On February 13, 2006, CRP sent the Representatives a Notice of Intent to Petition to Show Cause for the undisclosed surveys under section 24–72–204(5). The Representatives again refused production, and CRP delivered a second Notice of Intent to Petition to Show Cause on February 26, 2006.

### B. 2006 Trial Court Proceedings

CRP filed a Petition to Show Cause under section 24–72–204(5) on March 28, 2006. In their response to the petition, the Representatives invoked the section 24–72–202(6)(a)(II)(C) confidential communications exception, and stated that they "would be willing to make all of [the surveys] available to the Court for in camera review to determine if all of the documents are public records and must be made available for inspection."

The trial court held a hearing and conducted an in camera review of seven of the completed surveys. It ordered the Representatives to produce copies of all the completed surveys to CRP, concluding that they were public records subject to disclosure under CORA. The Representatives then filed a Motion for Reconsideration of that ruling, and concurrently filed all surveys under seal with the trial court for in camera review. The court denied the motion for reconsideration, and in 2007 the Representatives filed an appeal in this court.

After the Representatives had filed their Notice of Appeal, CRP filed in the trial court a motion for costs and attorney fees under section 24–72–204(5). The trial court granted CRP's motion but did not reduce the award to a sum certain. Subsequently, but before filing their opening brief on appeal, the Representatives disclosed to CRP 742 of the 1,584 previously withheld surveys.

### C. The 2008 Appeal

On appeal, a division of this court reversed the trial court's order requiring the disclosure of all surveys. *Colorado Republican Party v. Benefield*, No. 07CA 1216, 2008 WL 4667078 (Colo.App. Oct. 23, 2008) (not published pursuant to C.A.R. 35(f)). The division described the variety of responses to the survey made by the constituents:

Our review of the responses reveals that while many of the constituents simply checked the boxes on the surveys, others added personal information, such as details about their finances or health. These constituents did not necessarily confine their communication to the subject matter of the survey or to the lines provided on the survey. Some constituents wrote in the empty space on the survey itself, attached a separate piece of [stationery], or sent the communication in a separate envelope.

The division concluded that "some" of the surveys were excepted from disclosure as confidential constituent communications under section 24–72–202(6)(a)(II)(C). It remanded the case to the trial court with instructions to "review in camera each completed survey" to determine "whether the content of the constituent's response plainly indicates that he or she would expect the Representative to keep the information private," and thus whether the document would fit within section 24–72–202(6)(a)(II)(C)'s exception.

The division described four categories of documents and the manner in which the trial court on remand should deal with those documents:

[1.] There are numerous surveys in which the constituent checked the [survey] boxes, did not provide any written comments, and did not identify himself or herself in any manner. There are also surveys in which the constituent checked the boxes and provided written comments, some of which contain personal information, but [did] not identify himself or herself in any way. These communications, regardless of their content, do not [reflect] an expectation that the communication will remain confidential. Therefore, the anonymous completed surveys are public records subject to disclosure under the CORA.

[2.] There are surveys in which the constituent identified himself or herself by

name, e-mail address, mailing address, or phone number while only checking the boxes. These completed surveys merely express the constituents' positions on various issues without disclosing personal information that one would expect to remain confidential, such as details about their finances, health, or other circumstances.

We conclude that these types of responses are also public records subject to disclosure under the CORA.

[3.] We agree with the district court that a survey should be redacted to remove the identifying information of a constituent who expressly request[ed] that such information be kept confidential because the request makes clear the constituent's intent that it be non-public. We conclude that [*Denver Publ'g Co. v. Bd. of County Comm'rs,* 121 P.3d 190 (Colo. 2005)] allows the redaction of non-public information so that the balance of the document may be disclosed. *See Denver Publ'g,* 121 P.3d at 205 ("We see no problem, however, requiring that such messages be redacted by the district court to exclude from disclosure those communications within the messages that do not address the performance of public functions. [The] CORA does not mandate that e-mail records be disclosed in complete form or not at all." (footnote omitted)).

[4.] There are surveys in which the constituent identified himself or herself by name, e-mail address, mailing address, or phone number and disclosed personal information, such as his or her finances, health, or other circumstances. These surveys are confidential constituent communications that are not public records under the CORA.

The division remanded the case to the trial court to review the survey responses in accordance with its instructions. It declined to address the trial court's order awarding attorney fees and costs to CRP, stating that "any order [of] the district court concerning [attorney fees and costs] is not part of this appeal."

### D. Proceedings After Remand to the Trial Court

On remand, the parties stipulated that, before the trial court would conduct in camera review of the completed surveys, the Representatives would first review them according to the Court of Appeals division's instructions to determine whether they should be produced or withheld. After the Representatives' own review, they produced to CRP 925 surveys, comprised of the 742 they had previously produced before briefing the 2007 appeal; 181 unredacted surveys; and 2 surveys from which they had redacted constituents' identifying information. They continued to withhold from production 659 surveys.

CRP then filed a Motion for Entry of Final Order, arguing that the Representatives had misapplied the standards in the Court of Appeals division's opinion by withholding the 659 surveys. After an in camera review of every survey, the trial court concluded that those 659 surveys constituted confidential constituent communications and were properly withheld. That order is not at issue in this appeal.

CRP later filed a second Motion for Reasonable Costs and Attorney Fees under section 24–72–204(5). In a detailed order dated October 28, 2010, the trial court denied CRP's motion, finding that the Representatives' "response to [CRP's] request was, viewed in context, proper and that [CRP was] not a prevailing applicant within the meaning of" subsection (5). The court gave the following reasons for this determination:

This matter initially involved a Request for Information pursuant to the Colorado Open Records Act. That request and subsequent response have been the subject of extensive litigation, appeal and more litigation. It has resulted in an ambiguous stipulation and subsequent in camera review and a final order some four years after the case began. Ultimately, it is clear that the majority of surveys at issue in this litigation were either properly withheld or made available. This Court concluded on September 7, 2010 that the [Representatives] had properly sorted, produced and withheld the surveys in com-

pliance with the orders of this Court and the Court of Appeals. From this vantage point and assessing the entire history of this litigation, the Court finds that the initial denial of the right to inspection was, in many respects, proper. [The Representatives'] original position has generally been vindicated by subsequent proceedings including the ruling on appeal.

CRP now appeals that order.

## II. Standards of Review

■ We are called upon here to construe various provisions of CORA. Our review of statutory provisions is de novo. *Shelby Resources, LLC v. Wells Fargo Bank,* 160 P.3d 387, 389 (Colo.App.2007).

■ The goal of statutory interpretation is to ascertain the General Assembly's intent. *People v. Nance,* 221 P.3d 428, 430 (Colo. App.2009). If legislative intent is clear from the plain language of the statute, other rules of statutory interpretation need not be applied. *Id.* The words of statutes are to be given their plain and ordinary meaning. *Town of Telluride v. Lot Thirty–Four Venture, L.L.C.,* 3 P.3d 30, 35 (Colo.2000).

Section 24–72–204(5) calls on the trial court to make a factual finding of whether a records custodian properly withheld from disclosure requested records under CORA. Section 24–72–204(6)(a) provides to a custodian a safe harbor from the imposition of attorney fees if the custodian proves and the court makes a factual finding that the custodian, "in good faith, after exercising reasonable diligence, and after making reasonable inquiry, [was unable] to determine if disclosure of the public record [is] prohibited."

■ Application of these statutes to the facts here presents mixed questions of law and fact.

When the issue before the appellate court is a mixed question of law and fact, the court may take a number of different approaches. The court may treat the ultimate conclusion as one of fact for purposes of review and apply the clear error standard. Alternatively, the court may conclude that a mixed question of fact and law demands de novo review. Finally, the court may review the findings of fact for clear error and still look de novo at the legal conclusions that the trial court drew from those factual findings.

*E–470 Pub. Highway Auth. v. 455 Co.,* 3 P.3d 18, 22 (Colo.2000) (citations omitted). We elect to review these mixed questions of law and fact de novo.

## III. Entitlement to Attorney Fees and Costs

### A. Law of the Case

We first address CRP's contention that the trial court's November 8, 2007 order awarding attorney fees and costs to CRP is the law of the case and must be followed. If this contention were correct, it would obviate our review of the trial court's October 28, 2010 order after remand denying attorney fees and costs. We reject CRP's contention.

We note initially that the 2007 order granting attorney fees and costs to CRP was issued by a trial court judge other than the one who issued the 2010 order after remand declining to award attorney fees and costs to CRP.

■ When a court issues final rulings in a case, the law of the case doctrine generally requires the court to follow its prior relevant rulings. *Giampapa v. Am. Family Mut. Ins. Co.,* 64 P.3d 230, 243 (Colo.2003). However, the doctrine is merely discretionary when applied to a court's power to reconsider its own prior rulings. *Id.; see also* C.R.C.P. 54; *People v. Roybal,* 672 P.2d 1003, 1005 n. 5 (Colo.1983) ("The doctrine of the law of the case is more flexible in its application to reconsideration by the court making the decision, because there the only purpose of the doctrine is efficiency of disposition.").

■ Thus, " '[a] court that makes a decision has the power to reconsider it, so long as the case is within its jurisdiction.' " *Pearson v. Dist. Court,* 924 P.2d 512, 515 (Colo. 1996) (quoting 1B James W. Moore & Jo Desha Lucas, *Moore's Federal Practice* ¶ 0. 404 [4.–1], at II–2 (2d ed.1995)). Further, the transfer of a case from one judge to another judge of the same court does not

freeze prior rulings. *Pearson*, 924 P.2d at 515.

A trial court does not abuse its discretion unless its decision is manifestly arbitrary, unreasonable, or unfair. *Bonser v. Shain-holtz*, 3 P.3d 422, 424 (Colo.2000).

■ We conclude the trial court after remand had the discretionary authority to reconsider its prior order awarding attorney fees and costs, and we therefore proceed to decide the appeal on the merits of the October 28, 2010 order denying attorney fees and costs to CRP.

### B. Mandatory Award of Attorney Fees and Costs

CORA section 24–72–204(5) states, "Unless the court finds that the denial of the right of inspection was *proper*, it shall order the custodian to permit such inspection and *shall* award court costs and reasonable attorney fees to the *prevailing applicant* in an amount to be determined by the court. . . ." (Emphasis added). *But see id.* (providing exception to award of attorney fees); § 24–72–204(6)(a) (providing additional exception to award of attorney fees).

■ Thus, unless a statutory exception applies, an award of attorney fees is mandatory if (1) the custodian's denial of the right of inspection was not "proper"; and (2) the party seeking disclosure is the "prevailing applicant."

#### 1. Whether the Denial of Inspection was "Proper"

■ CRP disputes the trial court's findings that the "majority of surveys at issue in this litigation were either properly withheld or made available," and that the Representatives' initial denial of the right of inspection was, "in many respects, proper." We conclude that these findings reflect a misapplication of section 24–72–204(5), and that, at least with respect to 925 of the surveys, the denial of inspection was not proper.

■ The word "proper" is not defined in subsection (5). We read undefined words and phrases in context, looking to the plain language of the statute and construing them literally according to common usage. *Denver Publ'g Co.*, 121 P.3d at 195.

Our construction of the term "proper" is informed by the purposes of CORA and the case law construing the Act.

To show that CORA applies and requires the production of records, the requesting party must demonstrate to a reviewing court that the custodian (1) improperly (2) withheld (3) a public record. *Wick Commc'ns Co. v. Montrose County Bd. of County Comm'rs*, 81 P.3d 360, 363 (Colo.2003). All three elements must be shown, or the act will not apply. *Id.*

■ CORA's legislative declaration provides, "It is declared to be the public policy of this state that all public records shall be open for inspection by any person at reasonable times, except as provided in this part 2 or as otherwise specifically provided by law." § 24–72–201, C.R.S.2011. Thus, the custodian of any public record may deny the right of inspection of a record only if the requested record falls within one of CORA's enumerated exceptions or is excepted by another statute.

■ It follows that the withholding of a record can be "proper" only if the record is excepted from disclosure by CORA or another statute.

We conclude that if a document whose production is required under CORA was withheld, the denial of the right of inspection of such document was not proper. *See Sierra Club v. Billingsley*, 166 P.3d 309, 316 (Colo.App.2007) ("If a document was withheld that was not subject to an exception, the prevailing applicant may be entitled to court costs and reasonable attorney fees as determined by the court.").

Here, following the trial court's in camera review of all surveys, it concluded that the 659 surveys withheld from production implicated an expectation of confidentiality on the part of the constituents. Thus, according to the court's order, these 659 surveys were excepted from disclosure under section 24–72–202(6)(a)(II)(C) ("A communication from a constituent to an elected official that clearly implies by its nature or content that the constituent expects that it is confiden-

tial...."). Because this order was not appealed, we may not review whether the denial of inspection of these documents was proper.

However, as reflected in the division's opinion in the first appeal, three of the four identified categories of surveys were public records that were not excepted from disclosure, and therefore they were required to be disclosed under CORA. The Representatives appear to have acknowledged as much when, after the trial court's initial order to produce documents, but before filing of the Representatives' opening brief in the first appeal, they produced 742 surveys to CRP. As to those records, as well as the 183 surveys they disclosed after remand, the right of inspection was improperly denied.

### 2. Whether CRP was the Prevailing Applicant

 CRP next contends the trial court erred in finding that CRP was not the prevailing applicant. We agree.

The trial court used what it referred to as "a standard prevailing party assessment" to determine whether CRP was the prevailing applicant, citing *Lawry v. Palm*, 192 P.3d 550, 570 (Colo.App.2008) (applying contractual fee-shifting agreement). *See also* C.R.C.P. 54(d) ("[e]xcept when express provision therefor is made ... in a statute of this state ..., costs shall be allowed as of course to the prevailing party unless the court otherwise directs").

We conclude that a "prevailing applicant" under CORA is not to be determined in the same manner as a "prevailing party." In reaching this conclusion, we note that the legislature could have used, but did not use, the phrase "prevailing party," which has a long, established history in Colorado law. *See Rockwell v. Dist. Court*, 17 Colo. 118, 121, 29 P. 454, 455 (1891); *Archer v. Farmer Bros. Co.*, 90 P.3d 228, 231 (Colo.2004) (applying C.R.C.P. 54(d)); *Lawry*, 192 P.3d at 569–70.

Instead, the relevant portion of subsection (5) employs the phrase "prevailing applicant." *Cf.* § 24–72–204(5.5)(a), C.R.S.2011 (providing for award of attorney fees and court costs to "prevailing party" if an application under that subsection is frivolous, vexatious, or groundless).

 "In interpreting statutory language, we presume that the legislature did not use language idly." *Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1010 (Colo.2008). Because the relevant part of subsection (5) refers only to whether the *applicant* prevailed, and makes no reference to whether the records custodian prevailed as to any part of the case, where the denial of right of inspection was not proper, a court must award costs and fees based solely on whether the *applicant* prevailed. *Cf.* § 24–72–204(5) ("In the event the court finds that the denial of the right of inspection was proper, the court shall award court costs and reasonable attorney fees to the *custodian* if the court finds that the action was *frivolous, vexatious, or groundless*.") (emphasis added).

Given the reference in section 24–72–204(5) to "any person" who "appl[ies]" to the trial court ... for an order directing the custodian of such record to show cause why the custodian should not permit the inspection of such record," we conclude that any such person is an "applicant."

 The term "prevailing" is not defined in the statute. However, the context and language of subsection (5) lead us to conclude that a prevailing applicant is one who obtains an order directing "the custodian to permit ... inspection" of a given public record. Under subsection (5), the court is directed to award costs and fees to a prevailing applicant "[u]nless the court finds that the denial of the right of inspection was proper." If the court were to find there was no proper right to inspect a given record, it would decline to order inspection of the record. Thus, where the court *does* order such inspection, the applicant has prevailed.

The Representatives were ordered in 2007 to produce the surveys. Even though they appealed that order, they obeyed it at least in part by producing 742 surveys without awaiting the outcome of the appeal. Therefore, CRP prevailed by obtaining production of those surveys pursuant to court order.

In a technical sense, the Representatives were able to avoid a trial court order *after remand* that they produce additional documents, because under their stipulation with CRP, they produced documents that they believed were required by the Court of Appeals division's ruling to be produced. Although we encourage parties to engage in early efforts to resolve disputes under CORA, we see no legal significance to the fact that the trial court was relieved of the task of ordering production of these additional documents after remand. The Representatives' production at that stage cannot be deemed voluntary as it was compelled by the division's ruling.

■ Simply put, a prevailing applicant is any party who brings a section 24–72–204(5) action against a public records custodian and obtains any improperly withheld public record as a result of such action.

■ CORA's costs and attorney fees provision does not afford the trial court discretion. The award of costs and attorney fees is mandatory "[u]nless the court finds that the denial of the right of inspection was proper" (or unless a statutory provision precludes the award of such fees, *see* § 24–72–204(5) (providing exception as to costs and fees sought for production of discovery documents in pending litigation); § 24–72–204(6)(a) (providing exception as to attorney fees sought under certain circumstances)). The court cannot find the denial of the right of inspection was proper where the custodian withheld a record that was required to be disclosed.

The Representatives here argue that CRP did not prevail, because the trial court found the Representatives had properly withheld 659 documents. We disagree with the notion that, because the court did not order the Representatives to produce some of the documents, CRP did not prevail. Because the Representatives were required by the Court of Appeals division's ruling to produce at least one document, CRP prevailed. *See Marks v. Koch*, 284 P.3d 118, —— (Colo.App. 2011) (concluding that a party who obtained a portion of the documents requested in its section 24–72–204(5) application was a prevailing party entitled to attorney fees).

To rule otherwise would mean that an applicant who seeks production of only one document and successfully obtains an order for its production could be determined to have prevailed, while an applicant who seeks more than one document but still only obtains production of one document would not prevail. We see no basis in CORA to create such an anomalous distinction between applicants. The public policy expressed in CORA is to require disclosure of public documents, and not to reward custodians for withholding some public documents on the basis that other documents sought are protected from disclosure.

■ CRP here asks us to award the full amount of its attorney fees and costs. As discussed below, we decline to do so. We note, however, that in our view, the ratio of documents sought to those obtained is more appropriately addressed—if at all—in the determination of the amount of attorney fees to be awarded. Under subsection (5), the trial court has discretion to determine the reasonableness of attorney fees to be awarded. § 24–72–204(5) ("the court ... shall award costs and reasonable attorney fees to the prevailing applicant"). The court could consider the number of documents ordered produced, among other factors, in making that determination. *See Stuart v. North Shore Water & Sanitation Dist.*, 211 P.3d 59, 63–64 (Colo.App.2009) (applying fee-shifting provision of § 31–35–402(1)(f), C.R.S.2011, noting that a factor in determining reasonableness of attorney fees is the degree of success achieved by the party seeking such fees); *Langseth v. County of Elbert*, 916 P.2d 655, 657 (Colo.App.1996) (in action under 42 U.S.C. § 1983, where attorney fees were sought under prevailing party provision of 42 U.S.C. § 1988(b), "the degree of plaintiff's overall success affect[ed] only the reasonableness of the amount of the award [of attorney fees] and not the right to an award in some amount"); *cf. Planning Partners Int'l, LLC v. QED, Inc.*, 310 P.3d 126, 130 (Colo.App.2011) ("where reasonable attorney fees are provided for in a promissory note or contract and the judgment based on the note or contract has been reduced by a counterclaim arising out of the transaction, an ap-

portionment of attorney fees is required in proportion to the amount recovered on the note less the amount recovered on the counterclaim").

In summary, we conclude that a party who obtains disclosure of an improperly withheld public record after bringing a section 24–72–204(5) action is a prevailing applicant, who must be awarded court costs and reasonable attorney fees unless a statutory provision precludes the award of such amounts. Because CRP succeeded in obtaining the right to inspect documents it sought from the Representatives, it is a prevailing applicant.

We turn, then, to the Representatives' contention that a statutory provision precludes the award of attorney fees to CRP.

### C. Section 24–72–204(6) Safe Harbor from Attorney Fees

The Representatives contend that CRP is not entitled to recover attorney fees because the Representatives satisfied the requirements of sections 24–72–204(6)(a)–(b), C.R.S. 2011, which they contend provide a kind of safe harbor from attorney fees for a records custodian. We are not persuaded.

#### 1. Section 24–72–204(6)(a)

 Section 24–72–204(6)(a) provides in pertinent part:

> The attorney fees provision of [section 24–72–204(5) ] shall not apply in cases brought pursuant to this paragraph (a) by an official custodian who is unable to determine if disclosure of a public record is prohibited under [CORA] if the official custodian proves and the court finds that the custodian, in good faith, after exercising reasonable diligence, and after making reasonable inquiry, was unable to determine if disclosure of the public record was prohibited without a ruling by the court.

Thus, to successfully avoid an award of attorney fees under section 24–72–204(6)(a), a custodian must:

(1) bring a case under section 24–72–204(6)(a), in which the custodian asserts that he or she is "unable, in good faith, after exercising reasonable diligence, and after

reasonable inquiry, to determine if disclosure of the public record is prohibited"; and

(2) obtain a hearing in the trial court on the application, *see* § 24–72–204(6)(a) (providing that a "[h]earing on such application shall be held at the earliest practical time"); and

(3) after the hearing, obtain a finding by the trial court that "the custodian, in good faith after exercising reasonable diligence, and after making reasonable inquiry, was unable to determine if disclosure of the public record was prohibited without a ruling by the court."

Unless all three of these elements are satisfied, the safe harbor against attorney fees is unavailable under section 24–72–204(6)(a).

Citing *People in Interest of A.A.T.*, 759 P.2d 853, 854 (Colo.App.1988), CRP argues that a section 24–72–204(6)(a) application must be filed in a separate, independent action from a requesting party's ongoing section 24–72–204(5) action. We need not decide this issue here, and thus decline to address it.

Assuming, without deciding, that a custodian may avoid attorney fees by applying to the trial court under section 24–72–204(6)(a) in the same action as a pending section 24–72–204(5) application, there is no indication in the record that the Representatives fully satisfied the requirements noted above under section 24–72–204(6)(a), and thus they are not sheltered by that provision from the imposition of attorney fees.

The Representatives never asserted that they were "unable, in good faith, after exercising reasonable diligence, and after reasonable inquiry, to determine if disclosure of the [records] was prohibited." On the contrary, in their opposition to CRP's motion for attorney fees and costs, the Representatives asserted, "After reasonable diligence, inquiry, and the exercise of good faith, the Representatives believed that the survey responses *clearly implied an expectation of confidentiality*." This assertion does not satisfy the requirements of subsection (6)(a)'s safe harbor provision.

We reject the Representatives' argument that they substantively satisfied the require-

ments of subsection (6)(a) by stating in their response to CRP's Petition to Show Cause that they were willing to submit the surveys under seal for in camera review, and by later filing with the trial court all of the surveys for in camera review. *See Sierra Club*, 166 P.3d at 309 (despite parties' stipulation to in camera review of disputed documents, if court determines a document was withheld that was not subject to statutory exception, court may determine that prevailing applicant is entitled to court costs and reasonable attorney fees, unless a statutory exception prohibits award of such fees). Such conduct by the Representatives does not meet the specific requirements for averments that are required under subsection (6)(a).

The Representatives did not raise the provisions of subsection (6)(a) at all until *after* the first appeal was concluded and they had already produced the documents—in their response to CRP's Motion for Attorney Fees on October 7, 2010. This was more than four years after CRP first sent to the Representatives correspondence constituting a Notice of Intent to Petition to Show Cause.

Under any reading of CORA, such an assertion was untimely and insufficient. To conclude otherwise would frustrate the purpose of the safe harbor provision, which is to shelter custodians of public records from attorney fees when they cannot, in good faith, determine whether disclosure of a public record is prohibited. If the Representatives truly could not make such a determination, they would no doubt have said so. However, the record is clear that they asserted throughout the case that the records were *not* subject to disclosure. Such an assertion is incompatible with the statutory requirement for inability to make a determination as to the requirement to disclose.

### 2. Section 24-72-204(6)(b)

The Representatives argue that, under section 24-72-204(6)(b), they were permitted to invoke the safe harbor from attorney fees in defense against CRP's CORA petition.

Subsection (6)(b) provides:

> In defense against an application for an order under subsection (5) of this section, the custodian may raise any issue that could have been raised by the custodian in an application under paragraph (a) of this subsection (6).

§ 24-72-204(6)(b).

We need not decide here whether subsection (6)(b) would allow a custodian *defending against* a subsection (5) petition to invoke the safe harbor from attorney fees provided in subsection (6)(a). Even if subsection (6)(b) could be construed to allow a back channel into the subsection (6)(a) safe harbor, the requirements of (6)(a) for avoiding attorney fees would still need to be met. As discussed above, the Representatives cannot meet those requirements, and thus they are not sheltered from having to pay attorney fees.

### IV. Amount of Court Costs and Reasonable Attorney Fees

CRP argues that it is appropriate for us to decide the amount of attorney fees and costs to which it is entitled. We disagree.

The appropriateness of costs and the reasonableness of attorney fees are matters that require factual findings and therefore must be decided in the first instance by the trial court. We therefore remand to the trial court to determine the amount of costs and attorney fees to be awarded to CRP.

The order is reversed and the case is remanded for further proceedings as indicated herein.

Judge LOEB and Judge RICHMAN concur.